Dear Representative Hardy:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion regarding the legality of monies paid out to the River West Medical Center ("River West") by the Louisiana Department of Health and Hospitals. According to your request, you believe the payment was made for the purposes of assisting River West meet its payroll. However, representatives from the Department of Health and Hospitals have indicated that the money disbursed to River West was payment of Medicaid claims due and payable to River West. You question whether such an expenditure violates La.Const. art. VII, § 14(A).
All questions concerning the use of public funds must be examined in light of La.Const. art. VII, § 14. La.Const. art. VII, § 14(A), provides, in pertinent part, as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . . `
In Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11 (the"Cabela's" case), the Louisiana Supreme Court abandoned its analysis inCity of Port Allen and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated."Cabela's, 938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority[1]
to make the expenditure and must show: (i) a public *Page 2 
purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity is in charge of undertaking; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the public funds it expends. TheCabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
Applying the Cabela's test to expenditure in question, we believe the Department of Health and Hospitals had the requisite legal authority to make the disbursement.[2] Further, we believe the expenditure qualifies as a public purpose which comports with the governmental purpose for which the Department of Health and Hospitals is charged with undertaking.[3] We also believe that the expenditure, as a whole, does not appear to be merely gratuitous, and the Department of Health and Hospitals had a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for its disbursement. As stated above, the Department of Health and Hospitals maintains that the payment was for Medicaid claims due and payable to River West. The money disbursed was actually money owed to River West. Based on these assurances, it is the opinion of this office that such a disbursement does not amount to a prohibitive donation under La.Const. art. VII, § 14(A).
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office. *Page 3 
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt
[1] Port Allen stated that § 14(A) is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." Cabela's, 938 So.2d at 20 (emphasis added). Although the "legal obligation" standard has been abandoned byCabela's, we believe that a public entity still must have the legalauthority to make the expenditure. For example, if a political subdivision does not have statutory authority to purchase or lease land, we do not believe Cabela's gives the political subdivision that authority just because the purchase may be for a public purpose, be non-gratuitous, and because the political subdivision would receive something in return for the money it spent.
[2] La.Rev.Stat. 36:254 outlines the powers and duties of the secretary of the Department of Health and Hospitals and Section (D) provides that "[t]he secretary shall direct and be responsible for the Medical Assistance Program, Title XIX of the Social Security Act . . .". Such direction and responsibility includes the adoption of rules and regulations regarding the payment or reimbursement for services rendered to persons eligible for the Medical Assistance Program (Medicaid).
[3] Id.